# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| THOMAS THATCHER SCHEMKES, individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PRESIDENTIAL LIMOUSINE, a Nevada Company; CLS NEVADA, LLC, a Delaware Corporation, dba CLS TRANSPORTATION, LAS VEGAS; and JACOB TRANSPORTATION SERVICES, LLC, a Nevada Company, dba EXECUTIVE LAS VEGAS,<br><br>Defendants.<br>_____<br>JACOB TRANSPORTATION SERVICES, LLC,<br><br>Counterclaimant,<br><br>v.<br><br>THOMAS THATCHER SCHEMKES,<br><br>Counterdefendant.<br>_____ | 2:09-cv-1100-RCJ-PAL<br><br>**ORDER** |

Currently before the Court are Plaintiffs' Motion to Dismiss Counterclaim of Defendant Jacob Transportation (#20), Motion to Dismiss Counterclaim for Abuse of Process (#35), and Plaintiff's Motion for Leave to File First Amended Complaint (#46). The Court has considered the motions and related pleadings on file, as well as oral argument heard before the Court on March 15, 2010.

## I. BACKGROUND

Plaintiff, Thomas Thatcher Schemkes ("Schemkes"), brought this action against three limousine companies he had previously worked for in Las Vegas: Presidential Limousine ("Presidential"), CLS Transportation "("CLS") and Jacob Transportation Services ("Jacob Transportation"). Plaintiff was employed as a limousine driver for Defendants as follows: (1) Presidential from February to July of 2007; (2) CLS from August of 2007 to June of 2008; and (3) Jacob Transportation from October of 2008 to the time when this action was filed. Schemkes accuses Defendants of failing to pay minimum wage and overtime compensation in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. ("FLSA"). Plaintiff filed his complaint on June 18, 2009 as a proposed FLSA collective action on behalf of other similarly situation persons who were employed as limousine drivers by Defendants. When Jacob Transportation filed its Answer, it asserted state law counterclaims against Plaintiff for breach of contract, breach of the implied covenant of good faith and fair dealing, unjust enrichment, intentional and negligent misrepresentation, trespass to land/conversion, and abuse of process.

Jacob Transportation filed counterclaims against Plaintiff based on a theory that Plaintiff had "formulated a plan and scheme to file suit against Jacob Transportation for wage and overtime claims prior to ever working for Jacob Transportation." According to Jacob Transportation, Schemkes completed an employment application that contained a number of false representations regarding his prior work experience. Allegedly, Schemkes failed to disclose that he had previously worked for Presidential Limousine, misstated the dates he was employed by the Clark County School District and provided false reasons for his departures from prior employers. Jacob Transportation further alleges that, during his employment with Jacob Transportation, Plaintiff failed to report tip income and income from unscheduled rides, used the company's limousines for personal matters, and remained "on the clock" without authorization after his shift had ended.

Plaintiff moves to dismiss each of Jacob Transportation's counterclaims for lack of jurisdiction under Fed.R.Civ.P. 12(b)(1). Plaintiff requests dismissal of Defendant's abuse of

process counterclaim for failure to state a claim for relief under Fed.R.Civ.P. 12(b)(6). Plaintiff also seeks leave to file a first amended complaint.

## II. LEGAL STANDARDS

### A.  Standard for Rule 12(b)(1) Motion to Dismiss

Rule 12(b)(1) of the Federal Rule of Civil Procedure allows a party to move to dismiss a claim or counterclaim for lack of subject matter jurisdiction. Once a party challenges subject matter jurisdiction, the non-moving party bears the burden to establish that subject matter jurisdiction exists. Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 378 (1994). The supplemental jurisdiction statute, 28 U.S.C. § 1367, grants federal courts supplemental jurisdiction over claims over which no original jurisdiction exists. Section 1367(a) grants supplemental jurisdiction over state law counterclaims "that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." Counterclaims are also governed by Rule 13 of the Federal Rules of Civil Procedure, which categorizes counterclaims as either compulsory or permissive.

A compulsory counterclaim is one that "arises out of the transaction or occurrence that is the subject matter of the opposing party's claims." Fed.R.Civ.P. 13(a). The Ninth Circuit applies a "logical relationship test" to determine whether a counterclaim is compulsory. In re Pinkstaff, 974 F.2d 113, 115 (9th Cir. 1992). A logical relationship exists between the counterclaim and the claim when "the same operative facts serve as the basis of both claims or the aggregate core of facts upon which the claim rests activates additional legal rights otherwise dormant in the defendant." Id. Also, claims have a logical relationship when "the essential facts of the various claims are so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit." Hydranautics v. FilmTec Corp., 70 F.3d 533, 536 (9th Cir. 1995).

Permissive counterclaims encompass "any claim that is not compulsory" or "not "arising out of the transaction or occurrence that is the subject matter of the opposing party's claim." Fed.R.Civ.P. 13(b). Permissive counterclaims require an independent basis for subject matter

jurisdiction. When there is no independent basis for jurisdiction over state law counterclaims, the court may exercise supplemental jurisdiction over such claims if they are "so related to claims in the action . . . that they form part of the same case or controversy." 28 U.S.C. § 1367(a). However, a district court's exercise of supplemental jurisdiction over permissive counterclaims is discretionary, and it may decline to exercise such jurisdiction. City of Chicago v. International College of Surgeons, 522 U.S. 156, 173 (1997). District courts should deal with cases involving supplemental claims in the "manner that best serves the principles of economy, convenience, fairness, and comity which underlie the pendent jurisdiction doctrine." Id.

**B.    Standard for Rule 12(b)(6) Motion to Dismiss**

A motion to dismiss a counterclaim brought pursuant to Federal Rule of Civil Procedure 12(b)(6) is evaluated under the same standard as a motion to dismiss a complaint. When considering a motion to dismiss for failure to state a claim under Rule 12(b)(6), the court must accept as true all material allegations in the complaint as well as all reasonable inferences that may be drawn from such allegations. LSO, Ltd. v. Stroh, 205 F.3d 1146, 1150 (9th Cir. 2000). The allegations of the complaint also must be construed in the light most favorable to the nonmoving party. Shwarz v. United States, 234 F.3d 428, 435 (9th Cir. 2000). The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint. Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). However, there is a strong presumption against dismissing an action for failure to state a claim. See Gilligan v. Jamco Dev. Corp., 108 F.3d 246, 249 (9th Cir. 1997) (citation omitted). Thus, to avoid a Rule 12(b)(6) dismissal, a complaint need not contain detailed factual allegations; rather, it must plead "enough facts to state a claim to relief that is plausible on its face." Clemens v. DaimlerChrysler Corp., 534 F.3d 1017, 1022 (9th Cir. 2008) (quoting Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007)).

**C.    Standard for a Motion to Amend**

When a party can no longer amend a pleading as a matter of right, Federal Rule of civil Procedure 15(a)(2) provides that "a party may amend its pleading only with the opposing

party's written consent or the court's leave." Fed.R.Civ.P. 15(a)(2); <u>Keniston v. Roberts</u>, 717 F.2d 1295, 1300 (9th Cir. 1983). "The court should freely give leave when justice so requires." <u>Id.</u> District courts are directed to apply this rule with "extreme liberality." <u>See, e.g.</u>, <u>Eminence Capital, LLC v. Aspeon, Inc.</u>, 316 F.3d 1048, 1051 (9th Cir. 2003); <u>DCD Programs, Ltd. v. Leighton</u>, 833 F.2d 183, 186 (9th Cir. 1987). A court may deny leave to amend "due to undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and by futility of the amendment." <u>Manzarek v. St. Paul Fire & Marine Ins. Co.</u>, 519 F.3d 1025, 1034 (9th Cir. 2008) (internal quotations and citations omitted). A showing of the factors overcomes the presumption in favor of granting leave to amend. <u>See</u> <u>Eminence Capital</u>, 316 F.3d at 1052.

### III.  ANALYSIS

**A.    Plaintiff's Motions to Dismiss Counterclaims**

    1.    <u>Rule 12(b)(1) Dismissal</u>

Plaintiff moves to dismiss all counterclaims filed against him pursuant to Rule 12(b)(1). Jacob Transportation argues that the Court has supplemental jurisdiction over its counterclaims because they are compulsory. In the alternative, Jacob Transportation asks the Court to exercise supplemental jurisdiction over the counterclaims as permissive counterclaims.

Applying the Ninth Circuit's standards to the facts of this case, the Court believes that Jacob Transportation's counterclaims are compulsory. The counterclaims allege breach of contract, breach of the implied covenant of good faith and fair dealing, unjust enrichment, intentional and negligent misrepresentation, trespass to land/conversion, and abuse of process. The essential facts related to these counterclaims concern whether Schemkes misrepresented certain information on his employment contract, breached certain unspecified employment contracts, and improperly used Defendant's limousines. Although the facts related to the counterclaims may not be entirely connected to the essential facts underlying Plaintiff's FLSA claims, it cannot be said that no logical relationship exists between the

counterclaims and Plaintiff's claims. Moreover, considerations of judicial economy and fairness dictate that all the issues should be resolved in one lawsuit. Accordingly, the Court finds that Defendant's counterclaim is compulsory.

Even if Jacob Transportation's counterclaim is considered permissive and not compulsory, the Court may exercise supplemental jurisdiction over the counterclaims because they are "part of the same case or controversy." 28 U.S.C. § 1367(a). The Ninth Circuit has defined the case or controversy requirement as follows: "Nonfederal claims are part of the same 'case' as federal claims when they derive from a common nucleus of operative fact and are such that a plaintiff would ordinarily be expected to try them in one judicial proceeding." Kuba v. 1-A Agr. Ass'n, 387 F.3d 850, 855 (9th Cir. 2004). The state law claims asserted by Jacob Transportation are certainly part of the same 'case' as Plaintiff's federal claims filed under the Fair Labor Standards Act. Accordingly, the Court may accept supplemental jurisdiction over Defendant's counterclaims and they will not dismissed pursuant to Rule 12(b)(1).

2. Rule 12(b)(6) Dismissal of Abuse of Process Claim

Plaintiff filed a second motion to dismiss the counterclaim for abuse of process pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. In Nevada, the two elements required to establish the tort of abuse of process are: (1) an ulterior purpose by the defendants other than resolving a legal dispute, and (2) a willful act in the use of the legal process not proper in the regular conduct of the proceeding. LaMantia v. Redisi, 38 P.3d 877, 879 (Nev. 2002); see also Kovacs v. Acosta, 787 P.2d 368, 369 (Nev. 1990). "An ulterior purpose is any improper motive underlying the issuance of legal process." Posadas v. City of Reno, 851 P.2d 438, 444-45 (Nev. 1993).

Plaintiff argues that Jacob Transportation has alleged ulterior motive in a conclusory manner, based upon no facts from which an improper motive could reasonably be inferred. Although Jacob Transportation states several times in its counterclaim that Plaintiff filed his legal action "for an improper purpose," it fails to identify or describe the improper purpose. Additionally, Defendant does not allege any willful act aside from the fact that Plaintiff filed the

complaint. However, Nevada follows the rule that "the filing of a complaint alone cannot constitute the willful act necessary for the tort [of abuse of process] to lie." See Laxalt v. McClatchy, 622 F.Supp. 737, 752 (D.Nev. 1985). Thus, the Court finds that Jacob Transportation has failed to satisfy its pleading burden as to its abuse of process claim and this claim will be dismissed on this basis.

**B.     Plaintiff's Motion to Amend**

The Complaint in this case was filed on June 19, 2009 and has not previously been amended. Schemke's proposed First Amended Complaint indicates that it seeks to add three plaintiffs, additional factual allegations and a new FLSA claim for improper deductions from wages. (Motion to Amend (#46), Ex. A). Defendant CLS filed a Response (#51) indicating that it does not oppose Plaintiff's filing of an amended complaint. Jacob Transportation opposes the proposed amendment on the following grounds: (1) Plaintiff's motion was filed after the deadline for adding parties or adding claims; (2) the other proposed plaintiffs cannot be added because they are not similarly situated to Schemkes; and (3) the proposed additional claim does not exist under the FLSA.

As an initial matter, Schemkes' motion for leave to amend was filed in a timely manner. The Scheduling Order (#24) indicates that Thursday, November 26, 2009 was the deadline for adding parties or claims. However, because November 26 and 27 were Court holidays followed by a weekend, November 30, 2009, the day Schemkes' motion was filed, became the deadline. Schemkes maintains that the amendment is sought in good faith and will not prejudice Defendants. However, Jacob Transportation argues that Defendants are prejudiced by an amendment at this point because the discovery deadline was January 25, 2010. Indeed, the discovery deadline has come and gone and allowing amendment at this point would require Defendants to conduct discovery on each new plaintiff and on the new cause of action. Schemkes argues that Jacob Transportation has "prejudiced itself" against conducting adequate discovery because it filed a late response to the motion to amend. On the other hand, Schemkes has offered no reason for his delay in seeking to add plaintiffs so close to the discovery deadline and on the last possible date for doing so.

1. Schemkes seeks to add three additional named plaintiffs to this FLSA collective action. Each of the proposed plaintiffs was employed by one of the Defendants as a limousine driver at some time during the last three years and allegedly did not receive overtime wages as mandated under the FLSA. Jacob Transportation argues that the proposed plaintiffs are not similarly situated to Schemkes because "their employers, work histories, and policies to which they were subjected were completely different." Jacob Transportation additionally challenges the addition of an FLSA claim for unlawful deductions from wages, arguing that such a claim is unavailable under the FLSA. Where the legal basis for a cause of action is tenuous, futility supports the refusal to grant leave to amend. Id. However, "a proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." Sweaney v. Ada County, 119 F.3d 1385, 1393 (9th Cir. 1997) (citation omitted). Thus, the ordinary custom is for courts to defer consideration of challenges to the merits of a proposed pleading until after leave to amend is granted and the amended pleading is filed. See, e.g., Hynix Semiconductor, Inc. v. Toshiba Corp., 2006 WL 3093812, at *2 (N.D. Cal. 2006).

Pursuant to Rule 15's extreme liberality standard, Schemkes' motion to amend will not be denied as futile. "The proper test to be applied when determining the legal sufficiency of a proposed amendment is identical to the one used when considering the sufficiency of a pleading challenged under Rule 12(b)(6)." Miller v. Rykoff-Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1988). Although the basis for adding the similarly situated plaintiffs or the new claim for improper deductions may not be entirely clear at this time, accepting the factual allegations of the proposed First Amended Complaint as true and construing them in the light most favorable to Plaintiff, the claims would withstand a Rule 12(b)(6) motion. To find otherwise would require the Court to conduct a detailed and speculative analysis of Plaintiff's claims, and such analysis is inappropriate at this stage. Accordingly, the Court will grant Plaintiff's motion for leave to file first amended complaint.

///

///

## IV.  CONCLUSION

In accordance with the foregoing, IT IS HEREBY ORDERED that Plaintiffs' Motion to Dismiss Counterclaim of Defendant Jacob Transportation (#20) is DENIED.

IT IS FURTHER ORDERED that Plaintiffs' Motion to Dismiss Counterclaim for Abuse of Process (#35) is GRANTED.

IT IS FURTHER ORDERED that Plaintiffs' Motion for Leave to File First Amended Complaint (#46) is GRANTED.

DATED: This 30th day of March, 2010.

_____
UNITED STATES DISTRICT JUDGE