# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Thomas Thatcher Schemkes, Brian McKenna, James Hammond, and Gregory Greene, individually and on behalf of others similarly situated,<br><br>                Plaintiffs,<br>vs.<br><br>Presidential Limousine, a Nevada Company; CLS Nevada, LLC; a Delaware Corporation, doing business as CLS Transportation Las Vegas; and Jacob Transportation Services, LLC, a Nevada Company, doing business as Executive Las Vegas,<br><br>                Defendants.<br><br>AND RELATED COUNTER PARTIES. | Case No.: 2:09-cv-1100-GMN-PAL<br><br>**ORDER** |

      Before the Court is Plaintiffs Thomas Schemkes, Brian McKenna, James Hammond, and Gregory Greene's Motion for Certification of a Collective Action pursuant to 29 U.S.C. § 216(b), and authorizing Plaintiffs to send Notice to all other persons similarly situated of the pendency of this action. (ECF No. 135).[1]  Defendant CLS Nevada, LLC d/b/a/ CLS Transportation Las Vegas ("Defendant CLS") filed a Response on July 16, 2010 (ECF No. 143), Defendant Presidential Limousine ("Defendant Presidential") filed a Response on July 19, 2010 (ECF No. 144) and Defendant Jacob Transportation Services, LLC ("Defendant

/ / /

/ / /

---

[1] The Court ordered the action against Defendant Jacob Transportation to be severed along with any claimants against Jacob Transportation.  Therefore, Plaintiff Greene and Jacob Transportation have been terminated from this action. See ECF No. 158.

Jacob") filed an untimely Response on August 6, 2010 (ECF No. 148).[2]  Plaintiffs filed a Reply on July 26, 2010 (ECF No. 147).

## FACTS AND BACKGROUND

Plaintiff/Counterdefendant, Thomas Thatcher Schemkes ("Schemkes"), brought this action against three limousine companies he had previously worked for in Las Vegas: Presidential Limousine ("Presidential"), CLS Transportation ("CLS") and Jacob Transportation Services ("Jacob Transportation").  Plaintiff was employed as a limousine driver for Defendants as follows: (1) Presidential from February to July of 2007; (2) CLS from August of 2007 to June of 2008; and (3) Jacob Transportation from October of 2008, to the time when this action was filed.  Schemkes accuses Defendants of failing to pay minimum wage and overtime compensation in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. ("FLSA").

Plaintiff filed his complaint on June 18, 2009 as a proposed FLSA collective action on behalf of other similarly situation persons who were employed as limousine drivers by Defendants.  Schemkes filed a motion to amend and add additional parties, factual allegations and a legal claim for violation of FLSA and U.S. Department of Labor regulations for improper deductions from wages. (Motion to Amend, ECF No. 46).  The Court granted Schemkes' motion and allowed Brian McKenna, James Hammond, and Gregory Greene to be added as Plaintiffs to the action. (Order, ECF No. 105).  Plaintiff Brian McKenna ("McKenna") was employed as a limousine driver by Presidential from on or about January 2007 to May 2008.  Plaintiff James Hammond ("Hammond") was employed as a limousine driver by CLS from on or about May 1997 to March 2008.  Plaintiff Gregory Greene ("Greene") was employed as a limousine driver by Jacob Transportation from on or about August 2007 to January 2009. (Motion to Amend, ECF No.

---

[2] The Court will not consider Defendant Jacob's Response as it finds it untimely.

46; FAC, ECF No. 109).

Plaintiffs claim they were paid on a commission based system. (*See* FAC, ECF No. 109).  Plaintiffs had a regularly scheduled shift each day and a fixed number of hours per shift. (*Id.*).  They were required to be on-duty the entire scheduled shift which was usually between eight to twelve hours. (*Id.*).  Defendants paid Plaintiffs a fixed dollar amount per trip.  Plaintiffs would also receive tips from customers. (*Id.*).  Sometimes, Plaintiffs would have slow days in which they averaged very few trips. (*Id.*).  Plaintiffs allege that in some circumstances this would mean that Plaintiffs did not earn enough money in a week to meet the minimum hourly wage as mandated by the FLSA. (*See* 29 U.S.C. § 206).

Plaintiffs move this Court for certification of this action as a Collective Action pursuant to 29 U.S.C. § 216(b) and authorization to send Notice to all other persons similarly situated of the pendency of this action and an opportunity to file written consents with this Court to join as party plaintiffs.

## DISCUSSION

### A. Collective Action Certification under the FLSA

Section 216(b) of the FLSA provides that one or more employees may bring a collective action "on behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b).  While a plaintiff may bring an action on behalf of himself and others similarly situated, "no employee shall be a party to any such action unless he gives his consent in writing to become such a party and such consent is filed with the court in which such action is brought." 29 U.S.C. § 216(b).  "[P]laintiffs need show only that their positions are similar, not identical, to the positions held by the putative class members."  *Grayson v. K Mart Corp.*, 79 F.3d 1086, 1096 (11th Cir.) (internal citation and quotation omitted), *cert. denied*, 519 U.S. 982, 117 S. Ct. 435, 136 L. Ed. 2d 332 (1996).  Plaintiffs bear the burden of demonstrating a "reasonable basis" for their claim of class-wide

discrimination. *See id.* at 1097. "The plaintiffs may meet this burden, which is not heavy, by making substantial allegations of class-wide discrimination, that is, detailed allegations supported by affidavits which successfully engage defendants' affidavits to the contrary." *Id.* (internal citation and quotation omitted).

The FLSA does not define "similarly situated." A majority of courts have adopted a two-step approach for determining whether a class is "similarly situated." *See Leuthold v. Destination America, Inc.*, 224 F.R.D. 462, 466 (N.D.Cal. 2004)(citing district courts adopting the two-step approach); *Misra v. Decision One Mortgage. Co., LLC*, 673 F.Supp.2d 987, 992–93 (C.D.Cal. 2008); *Williams v. Trendwest Resorts, Inc.*, 2006 U.S. Dist. LEXIS 89370, 2006 WL 3690686, *4 (D. Nev. 2006); *Pfohl v. Farmers Ins. Group*, No. CV 03-3080 DT (RCX), 2004 WL 554834, at *2 (C.D.Cal. Mar. 1, 2004). This approach involves notification to potential class members of the representative action in the first stage followed by a final "similarly situated" determination after discovery is completed. "Since the first determination is generally made before the close of discovery the court applies a fairly lenient standard which typically grants conditional class certification." *Misra*, 673 F.Supp.2d 987 at 993(*citing Leuthold*, 224 F.R.D at 466; *Pfohl*, 2004 WL 554834, at *2). At the initial notice stage, plaintiff needs only to make a modest factual showing sufficient to show that the putative class members were victims of "a common policy or plan that violated the law." *Id.* (*quoting Roebuck v. Hudson Valley Farms, Inc.*, 239 F.Supp.2d 234, 238 (N.D.N.Y.2002)). If the court "conditionally certifies" the class, putative class members are given notice and the opportunity to "opt-in." *Id.*

The second stage determination is held after discovery is largely complete and the matter is ready for trial. *Id.* At this stage the court can make a factual determination on the similarly situated question weighing such factors as "(1) the disparate factual and employment settings of the individual plaintiffs, (2) the various defenses available to the

defendant which appear to be individual to each plaintiff, and (3) fairness and procedural consideration." *Id.* (*citing Pfohl*, 2004 WL 554834, at *2). If the claimants are similarly situated, the collective action proceeds to trial. *Id.* If claimants are not similarly situated, the court decertifies the class and the opt-in plaintiffs are dismissed without prejudice. *Id.*

### B. Plaintiffs are Similarly Situated for Conditional Certification of a Collective Action

Plaintiffs seek certification of a collective action for their claims under the FLSA for failure to pay minimum wage, overtime wages and for improper deductions. Plaintiffs propose certification of the following opt-in class:

> All Persons employed by Presidential Limousine ("Presidential"), CLS Nevada, LLC dba CLS Transportation ("CLS"), or Jacob Transportation Services, LLC dba Executive Las Vegas ("Executive") as a Limousine Driver or other similar percentage-of-revenue-paid employee in the past three years, and who in one or more weeks worked in excess of 40 hours in a week, and/or who was required to purchase required uniforms and/or other supplies from their wages.

Plaintiffs submit supporting declarations of several employees that assert they were not paid the minimum wage or for overtime and were required to pay for different items (purported "administrative fees") associated with their employment. The Complaint and declarations allege that Plaintiffs were subjected to the same practices concerning the calculation and payment of wages even though some of the rates are different. The declarations satisfy the lenient standard necessary to show that Plaintiffs' claims arise from a common policy or plan by Defendants not to pay its employees minimum wage or overtime as required by the FLSA.

Defendants argue that the collective action cannot be certified because the Defendants are different, unrelated companies. *See Brooks v. A Rainaldi Plumbing, Inc.*, 2006 WL 3544737 (M.D.Fla. 2006). Defendants assert that there cannot be a single

decision, policy, or plan to violate the law among several different companies. Furthermore, Defendants argue that there cannot be a single decision, policy, or plan when the facts show that the Plaintiffs were paid different commissions by each employer and were required to deduct different amounts from their paycheck (if they were required at all). However, the Court finds that Defendants' arguments are more appropriate for the second stage determination. *See Harris v. Vector Marketing Corp.*, 716 F.Supp.2d 835, 841 (N.D.Cal. 2010) ("[S]everal courts have indicated that individualized inquiries … are better to address at the second stage of certification rather than the first."). Furthermore, the Court has within its discretion to create subclasses to prevent confusion of the issues and facts to the jury. Although some of the specific facts related to certain employees may differ, it does not change the allegations that there was a violation of the law under very similar circumstances common to all parties. The single policy or plan is that the common claim that Defendants avoided paying limousine drivers minimum wage by paying the drivers a commission rate or overtime and took deductions from the drivers' paychecks in violation of FSLA. The Court finds that this makes the claimants similarly situated to satisfy the lenient requirements to certify a collective action for the notice stage.

### C. Proposed Notice

Plaintiffs attached a proposed notice to be distributed to all potential claimants belonging to the certified class. (Notice, ECF No. 136-1). Defendants object to the form of the notice and argue that the form is incorrect because of the pending motions at issue when Plaintiffs filed their motion to certify. It is true that the Court has subsequently ruled on the motions and as a result, parties have changed materially since Plaintiffs' Motion to Certify was filed. Therefore, the notice will need to be altered and updated to reflect any changes that may have occurred between the filing of Plaintiffs' motion and this Order.

Defendants also assert that the notice is one-sided and also looks like an Order of the

Court that may mislead the drivers. The Court agrees that it is not necessary to use the caption of the case and refer to this Court on the notice. *See Hoffman-La Roche, Inc.*, 493 U.S. 165, 174, 110 S. Ct. 482, 488 (1989) ("[T]rial courts must take care to avoid even the appearance of judicial endorsement of the merits of the action."); *Howard v. Securitas Security Services, USA, Inc.*, 2009 WL 140126 (N.D. Ill.) (directing Plaintiffs' counsel to place the notice on its letterhead to ensure that no putative class member is mislead as to the origin of the document). Accordingly, the notice in this case should be drafted with counsel's letterhead without the caption of the case.

In order to distribute the notices, the Plaintiffs motion the Court to order Defendants to produce names, last known addresses, social security numbers, telephone numbers, cell phone numbers and email addresses of all limousine drivers employed by Defendants at any time from June 19, 2006 to the present. Defendants object to Plaintiffs' requests for social security numbers, e-mail addresses, and cell phone numbers asserting that such a request is overbroad and intrusive. *See, e.g.*, *Howard v. Securitas Security Services, USA, Inc.*, 2009 WL 140126 (N.D. Ill).

The issue raised by the parties regarding the "distribution" of the notice has not been addressed by the Ninth Circuit nor did the parties cite to any controlling authority. However, pursuant to *Hoffmann-LaRoche Inc. v. Sperling*, the Court has discretion and "a managerial responsibility to oversee the joinder of additional parties to assure that the task is accomplished in an efficient and proper way." 493 U.S. at 170–71, 110 S. Ct. at 486.

Plaintiffs in this case do not contend that obtaining only names and residential addresses would not be sufficient nor have they indicated that they anticipate having a difficult time contacting potential claimants without more. However, the alleged conduct in this case dates back to 2006, more than 4 years ago. Unfortunately, due to the current housing situation in Las Vegas, it is likely that more than a few potential claimants are no

longer residing at the residential addresses maintained by Defendants and may have moved away.  In contrast, email addresses are retained and usually remain the same regardless of where one is residing.  In this case, email addresses could be a very useful method to provide notice and would certainly be a less intrusive and more cost efficient alternative to calling residential and cell phone numbers.  Therefore, the Court finds that distribution of notice via e-mail address is appropriate in this particular case due to the long length of time the alleged conduct dates back and the current unique housing situation. *See Hill v. R+L Carriers, Inc.*, 690 F.Supp.2d 1001 (N.D.Cal. 2010)(ordering defendants to disclose e-mail address of prospective members of the class).  Accordingly, Defendants shall provide only the names, physical residential addresses and email addresses of potential claimants within 28 days of this Order.

Plaintiffs also request that the notice be posted at the Defendants' place of business for a 90-day period, that the Defendants be required to email the notice and consent to its limousine drivers and that the Defendants be required to publish it in the next three (3) issues of their employee newsletters.  The Court finds that requiring the notice to be posted at Defendants' place of business in a conspicuous location and emailing[3] the notices to the last known address is sufficient to effectuate notice to potential claimants while minimizing disturbance to Defendants' workplaces.

Plaintiffs shall confer with Defendants to draft a revised notice that addresses the issues identified above.  Plaintiffs are ordered to move for approval of the revised notice within 14 days of this order, including with the notice a proposed notice schedule and whether Defendants still object to the notice.  If the form and content of the notice is not agreed, the Court will resolve the remaining disputes upon presentment of the motion.

---

[3] The Court is aware that potential claimants will be receiving two emails, one from Plaintiff and one from Defendants.  However, the Court finds this is necessary and appropriate to help ensure that Plaintiffs' email notice is not mistaken for spam and inadvertently disregarded.

## CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Certification of a Collective Action (ECF No. 135) is **GRANTED**.

Plaintiffs are ORDERED to submit a revised notice and proposed notice schedule in accordance with the terms of this Order **within 14 days** of the date of this Order.

Defendants are ORDERED to provide to Plaintiffs the names and last known addresses of all limousine drivers employed by Defendants at any time from June 19, 2006 to the present, **within 28 days** of the date of this Order.

DATED this 10th day of March, 2011.

_____
Gloria M. Navarro
United States District Judge